# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles Yeager,**
**Respondent Below, Petitioner**

**vs)   No. 17-0509** (Wirt County 16-C-AP-2)

**Sandra Cox,**
**Petitioner Below, Respondent**

**FILED**

**May 31, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles Yeager, pro se, appeals the May 16, 2017, order of the Circuit Court of Wirt County directing petitioner to vacate a mobile home located at Lot #42, 625 Newark Acres, by 11:59 p.m. on May 31, 2017, and awarding Respondent Sandra Cox $915 in back rent, plus $85 in court costs, at 7% interest per year. Respondent, pro se, filed a response.

The Court has considered the parties' briefs and the record on appeal.[1] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent initiated a proceeding in the Magistrate Court of Wirt County to evict petitioner from a mobile home located at Lot #42, 625 Newark Acres, for petitioner's alleged failure to make monthly payments. Following the magistrate court's judgment in respondent's favor, petitioner appealed to the Circuit Court of Wirt County which held a trial de novo on September 22, 2016. The parties appeared for the September 22, 2016, bench trial. Melinda Ashby, respondent's daughter, also appeared because she manages the mobile home rental. Petitioner and Ms. Ashby both provided sworn testimony. While no documents were formally admitted into evidence, petitioner and Ms. Ashby each referred to various documents in support of the parties' respective positions. Under questioning from the circuit court, petitioner admitted that he was "habitually late making payments."

In a May 16, 2017, order, the circuit court made the following findings:

---

[1]By order entered November 1, 2017, this Court granted petitioner's motion to file an amended brief upon receipt of the transcript of the September 22, 2016, bench trial. The Court received the trial transcript and petitioner's amended brief in January of 2018.

1

1. The [parties] entered into an agreement to purchase certain real and personal property in the form of a lot occupied by a mobile home owned by [respondent] for a total of $29,000 or $30,000 payable at $305.00 per month.[2]

2. At the time of the filing of [respondent's petition in the magistrate court,] [petitioner] was in arrears in the amount of $915.00.

3. [Petitioner] has breached the agreement of the parties and [respondent] is entitled to possession of the property free of any claims by [petitioner].

. . . .

5. Due to the differences between the parties, it would be in the best interest of both parties to terminate the tenancy. Neither party keeps adequate records. Therefore, it would be difficult to ascertain the exact amount paid and owed by [petitioner] over the approximate eight or nine years of the tenancy.

Accordingly, the circuit court ordered petitioner to vacate the mobile home located at Lot #42, 625 Newark Acres, by 11:59 p.m. on May 31, 2017, and awarded respondent $915 in back rent, plus $85 in court costs, at 7% interest per year.

Petitioner now appeals the circuit court's May 16, 2017, order awarding respondent a total of $1000 in back rent and court costs, plus interest.[3] We apply the standard for reviewing a judgment entered following a bench trial:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

---

[2]While Ms. Ashby testified that respondent was willing to enter a land contract by which petitioner could purchase the mobile home and the accompanying real estate, the parties disagreed as to whether the purchase price was $29,000 or $30,000.

[3]West Virginia Code § 55-3A-3(g) provides, in pertinent part, that, during the pendency of an appeal in an action for wrongful occupation of residential property, "the tenant is not entitled to remain in possession of the property if the period of the tenancy has otherwise expired." Therefore, petitioner no longer resides at Lot #42, 625 Newark Acres. West Virginia Code § 55-3A-3(g) further provides, in pertinent part, that, if "the tenant prevails upon appeal, the relief ordered . . . shall be for monetary damages only and shall not restore the tenant to possession[.]"

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner argues that the circuit court failed to consider the documents that he alleges supported his claim that he purchased the mobile home and lot for a total of $29,000. While no documents were formally admitted into evidence by the pro se parties, the docket sheet reflects that the parties' "exhibits" were in the circuit court's possession before being forwarded to the circuit clerk. Moreover, as stated in the circuit court's May 16, 2017, order, the court "review[ed] the exhibits" prior to making its decision. Therefore, we conclude that the record fails to support petitioner's argument.

Petitioner further argues that the circuit court erred in deciding the case in respondent's favor given that respondent's daughter, Ms. Ashby, testified falsely. Respondent counters that petitioner's argument is without merit. We agree with respondent. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Petitioner may disagree with Ms. Ashby's testimony, but that does not mean that she perjured herself. The circuit court heard the testimony and was able to observe each witness's demeanor. Furthermore, petitioner admitted that he was "habitually late making payments." Therefore, we find that nothing in the record on appeal indicates that the circuit court's findings were clearly erroneous. Accordingly, based on our review of the appellate record, we conclude that the circuit court did not abuse its discretion in entering judgment in respondent's favor.

For the foregoing reasons, we affirm the circuit court's May 16, 2017, order directing petitioner to vacate the mobile home located at Lot #42, 625 Newark Acres and awarding respondent $915 in back rent, plus $85 in court costs, at 7% interest per year.

Affirmed.

**ISSUED:** May 31, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING:**

Justice Evan H. Jenkins

3